**PALLET COMPANIES, INC., A Subsidiary of IFCO Systems N.A., Inc., Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

No. 14–1220.

United States Court of Appeals, District of Columbia Circuit.

Dec. 18, 2015.

Joseph Charles Devine, Baker & Hostetler LLP, Columbus, OH, for Petitioner.

Linda Dreeben, John H. Ferguson, Jill A. Griffin, Milakshmi Varuni Rajapakse, National Labor Relations Board, Washington, DC, for Respondent.

Before: HENDERSON, GRIFFITH, and KAVANAUGH, Circuit Judges.

## JUDGMENT

PER CURIAM.

This case was considered on the record from the National Labor Relations Board and on the briefs and oral arguments of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. See Fed. R.App. P. 36; D.C.Cir. R. 36(d). It is

**ORDERED** and **ADJUDGED** that the petition for review be **DENIED** and the Board's cross-application for enforcement be **GRANTED.**

In a December 2012 union election, certain employees of Pallet Companies, Inc., voted to make the United Food and Commercial Workers Union, Local 1360 their bargaining representative. However, the Company refused to bargain with the Union because the Company claimed that pro-Union conduct had coerced the votes of select employees and tainted the election. After certifying the Union, the National Labor Relations Board ordered the Company to bargain, finding that the Company's failure to do so constituted an unfair labor practice. The Company challenges the Board's order in this Court, claiming that the Union should not have been certified.

The Board concluded that the Company failed to prove any pro-Union misconduct that could have changed the outcome of the election. That conclusion is supported by substantial evidence. First, the Board reasonably discounted the testimony of Stephen Diamond—a pro-Company employee—concerning threats he allegedly received from three pro-Union employees. The ALJ found that Diamond's testimony was not credible because it lacked sufficient corroboration and in part was inconsistent with other testimony in the record. Particularly in light of our deferential standard of review, we have no basis to disturb that credibility judgment. Second, the Board reasonably concluded that another pro-Union employee, Tyrone LaRocca, did not act as a Union agent when he supplied drugs to two Company employees. As a result, the drug deals were wholly irrelevant to the election. Finally, according to the Company, LaRocca threatened to reduce the earnings of Sean Varlow if Varlow did not support the Union. But the Board reasonably determined that LaRocca's threat was empty because he lacked any influence over Varlow's earnings.

We deny the Company's petition for review and grant the Board's cross-application for enforcement of its order.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of

the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.